UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER BAILEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:14-cv-199-JMS-WGH |
| OFFICER ROBBINS, | ) |
| Defendant. | ) |

**Entry Discussing Defendant's Motion for Summary Judgment
and Directing Entry of Final Judgment**

**I. Background**

Plaintiff Christopher Bailey ("Mr. Bailey") is an Indiana prisoner incarcerated at all relevant times at the Wabash Valley Correctional Facility ("Wabash Valley"). This civil rights complaint is brought pursuant to 42 U.S.C. § 1983. In his complaint, Mr. Bailey alleged that Officer Robbins failed to protect him when the officer allowed another inmate out of his cell who assaulted Mr. Bailey. His claim asserts a violation of his Eighth Amendment rights. He seeks compensatory damages.

The defendant has filed a motion for summary judgment seeking resolution of the claim against him based on the affirmative defense that Mr. Bailey failed to exhaust his available administrative remedies prior to filing this action. Mr. Bailey has opposed the motion for summary judgment and the defendant has replied.

For the reasons explained in this Entry, the defendant's motion for summary judgment [dkt. 29] must be **granted.**

## II. Discussion

*A.     Legal Standards*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006)

(footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

    B.    *Undisputed Facts*

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(c), the following facts, construed in the manner most favorable to Mr. Bailey as the non-movant, are undisputed for purposes of the motion for summary judgment:

The Indiana Department Correction's ("IDOC's") grievance policy consists of three steps: an informal complaint, a formal, written Level I grievance, and a written appeal. All offenders are informed about the grievance procedure during offender orientation at Wabash Valley. The orientation includes informing offenders about what issues are and are not grievable, how to obtain a grievance form, the informal resolution process, the chain of custody of the documents, and the appeal process. Offenders are also given copies of a grievance and an appeal and are advised that the grievance procedure is explained in policy 00-02-301. Offenders are able to access policy 00-02-301 in the prison library. All issues concerning actions of staff may be grieved.

Each step in the grievance procedure must be timely completed in order for an offender to properly exhaust his administrative remedies. More specifically, an offender must appeal a Level I Grievance response in order to fully exhaust the IDOC offender grievance process.

Mr. Bailey filed grievance #80933 on February 26, 2014, regarding the claim he has asserted in this lawsuit. Mr. Bailey received a response to his grievance on March 14, 2014. His

grievance was denied. Mr. Bailey did not appeal the facility's decision regarding grievance #80933.

    C.    *Analysis*

Officer Robbins argues that Mr. Bailey failed to complete all steps of the exhaustion process with respect to his claim. Mr. Bailey does not dispute that he did not appeal the denial of his formal grievance. He responds that 1) no one told him that he had the right to file an appeal, and 2) the grievance policy does not state anywhere that he had to file an appeal in order to file a lawsuit.

With respect to Mr. Bailey's claim that he did not know he could appeal the denial of his grievance, he has presented no admissible evidence sufficient to create a genuine issue of material fact as to his lack of knowledge or the cause thereof. Rather, the undisputed record reflects that incoming inmates are given copies of a grievance and an appeal when they are told about grievance policy 00-02-301. Incoming inmates are also told that the grievance policy can be reviewed in the law library. The orientation process at the prison informs all incoming inmates of the components of the grievance policy and the fact that it includes an appeal. While it is true that "[p]rison officials may not take unfair advantage of the exhaustion requirement, . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting," *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), Mr. Bailey has not alleged any actions on the part of prison officials that prevented him from being aware of and complying with the grievance process requirements. "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

Mr. Bailey's second contention, that the IDOC grievance policy did not inform him that he had to file an appeal before he could bring a lawsuit, is meritless because regardless of whether the policy includes that information, by law, prisoners must exhaust their available administrative remedies before bringing a civil action in district court. The exhaustion requirement is governed by the PLRA. "No action shall be brought with respect to prison conditions under section 1983…until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). One of the PLRA's key reforms "was the requirement that inmates complaining about prison conditions exhaust prison grievance remedies before initiating a lawsuit." *Jones v. Bock,* 549 U.S. 199, 204 (2007); *Woodford,* 548 U.S. at 85 ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."); *Dixon v. Page,* 291 F.3d 485, 488 (7th Cir. 2002) ("Exhaustion of administrative remedies, as required by § 1997e, is a condition precedent to suit."). "Section 1997e(a) requires 'proper exhaustion'; that is, the inmate must file a timely grievance utilizing the procedures and rules of the state's prison grievance process." *Maddox v. Love,* 655 F.3d 709, 720 (7th Cir. 2011).

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Mr. Bailey has presented no evidence or circumstances that would excuse his failure to exhaust.

In conclusion, Mr. Bailey did not complete the available exhaustion process with respect to his claim against Officer Robbins. Therefore, in light of 42 U.S.C. § 1997e(a), the claim against the defendant should not have been brought and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### III. Conclusion

For the reasons set forth above, the defendant's motion for summary judgment [dkt. 29] is **granted.** Final judgment consistent with this Entry and with the Entry of September 8, 2014, shall now issue.

**IT IS SO ORDERED.**

Date: _____06/17/2015_____

_Jane E. Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Christopher Bailey
DOC #121747
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Electronically registered counsel